# 11 CIV 5988

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the matter of the application of

THE BANK OF NEW YORK MELLON (as Trustee under various Pooling and Servicing Agreements and Indenture Trustee under various Indentures), BlackRock Financial Management Inc. (intervenor), Kore Advisors, L.P. (intervenor), Maiden Lane, LLC (intervenor), Maiden Lane II, LLC (intervenor), Maiden Lane III, LLC (intervenor), Metropolitan Life Insurance Company (intervenor), Trust Company of the West and affiliated companies controlled by The TCW Group, Inc. (intervenor), Neuberger Berman Europe Limited (intervenor), Pacific Investment Management Company LLC (intervenor), Goldman Sachs Asset Management, L.P. (intervenor), Teachers Insurance and Annuity Association of America (intervenor), Invesco Advisers, Inc. (intervenor), Thrivent Financial for Lutherans (intervenor), Landesbank BadenWuerttemberg (intervenor), LBBW Asset Management (Ireland) plc, Dublin (intervenor), ING Bank fsb (intervenor), ING Capital LLC (intervenor), ING Investment Management LLC (intervenor), New York Life Investment Management LLC (intervenor), Nationwide Mutual Insurance Company and its affiliated companies (intervenor), AEGON USA Investment Management LLC, authorized signatory for Transamerica Life Insurance Company, AEGON Financial Assurance Ireland Limited, Transamerica Life International (Bermuda) Ltd., Monumental Life Insurance Company, Transamerica Advisors Life Insurance Company, AEGON Global Institutional Markets, plc, LIICA Re II, Inc., Pine Falls Re, Inc., Transamerica Financial Life Insurance Company, Stonebridge Life Insurance Company, and Western Reserve Life Assurance Co. of Ohio (intervenor), Federal Home Loan Bank of Atlanta (intervenor), Bayerische Landesbank (intervenor), Prudential Investment Management, Inc. (intervenor), and Western Asset Management Company (intervenor),

     Petitioners,

     -against-

WALNUT PLACE LLC, WALNUT PLACE II LLC, WALNUT PLACE III LLC, WALNUT PLACE IV LLC, WALNUT PLACE V LLC, WALNUT PLACE VI LLC, WALNUT PLACE VII LLC, WALNUT PLACE VIII LLC, WALNUT PLACE IX LLC, WALNUT PLACE X LLC, WALNUT PLACE XI LLC, POLICEMEN'S ANNUITY & BENEFIT FUND OF CHICAGO, THE WESTMORELAND COUNTY EMPLOYEE RETIREMENT SYSTEM, CITY OF GRAND RAPIDS GENERAL RETIREMENT SYSTEM, CITY OF GRAND RAPIDS POLICE AND FIRE RETIREMENT SYSTEM, TM1 INVESTORS, LLC, FEDERAL HOME LOAN

Docket No.:

**ECF Case**

**NOTICE OF REMOVAL**



BANK OF BOSTON, FEDERAL HOME LOAN BANK OF
CHICAGO, FEDERAL HOME LOAN BANK OF
INDIANAPOLIS, FEDERAL HOME LOAN BANK OF
PITTSBURGH, FEDERAL HOME LOAN BANK OF SAN
FRANCISCO, FEDERAL HOME LOAN BANK OF
SEATTLE, V RE-REMIC, LLC, THE WESTERN AND
SOUTHERN LIFE INSURANCE COMPANY, WESTERN-
SOUTHERN LIFE ASSURANCE COMPANY, COLUMBUS
LIFE INSURANCE COMPANY, INTEGRITY LIFE
INSURANCE COMPANY, NATIONAL LIFE INSURANCE
COMPANY, FORT WASHINGTON INVESTMENT
ADVISORS, INC. on behalf of FORT WASHINGTON
ACTIVE FIXED INCOME LLC, CRANBERRY PARK LLC,
and CRANBERRY PARK II LLC,

      Intervenor-Respondents.

**TO:**    **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

      PLEASE TAKE NOTICE that respondents Walnut Place LLC, Walnut Place II LLC,

Walnut Place III LLC, Walnut Place IV LLC, Walnut Place V LLC, Walnut Place VI LLC,

Walnut Place VII LLC, Walnut Place VIII LLC, Walnut Place IX LLC, Walnut Place X LLC,

and Walnut Place XI LLC, through their undersigned counsel, hereby remove this action from

the Supreme Court of the State of New York, New York County, to the United States District

Court for the Southern District of New York in accordance with 28 U.S.C. § 1441, 1446, and

1453 based on the following:

## SUMMARY OF THE FACTS

      1.     To continually raise new money with which to make its now-notorious mortgage

loans to borrowers across the United States, Countrywide Home Loans, Inc. and its affiliates sold

millions of its loans to securitization trusts that Countrywide sponsored. To raise the money to

pay Countrywide for the mortgage loans, those trusts in turn sold securities called certificates,

which were backed by those mortgage loans, to investors all over the world. To assure the trusts

and investors that the loans it was selling them were of good quality, Countrywide made

numerous representations and warranties about those loans. And to put teeth into those

representations and warranties, Countrywide agreed to repurchase from the trusts loans that did not comply with the representations and warranties.

2.     The Bank of New York Mellon is the trustee for 530 of the trusts that Countrywide created.

3.     BNYM announced on June 29, 2011, that it had entered into an agreement with Countrywide and its corporate parent and successor by *de facto* merger, Bank of America Corporation, to settle all "potential claims belonging to the [530] trusts" for which BNYM serves as trustee. On the same day, BNYM filed a petition in the Supreme Court of the State of New York to begin a proceeding under Article 77 of the CPLR to request judicial approval of the proposed settlement. The petition did not name any respondent or defendant. A copy of the petition is attached as Exhibit 1.

4.     The terms of the proposed settlement would release the claims of all 530 trusts for breaches of representation and warranties against Countrywide and Bank of America.

5.     The Walnut Place entities own certificates in three of the trusts that are part of the proposed settlement. On July 5, 2011, the Walnut Place entities filed a petition to intervene as a respondent in the Article 77 proceeding. A copy of the petition is attached as Exhibit 2.

6.     The petition to intervene was granted on August 19, 2011. A copy of the order granting the petition is attached as Exhibit 3.

7.     All of the documents that have been filed in the state court in this proceeding are attached as Exhibits 4-217.

8.     This notice of removal is timely filed under 28 U.S.C. § 1446(b). It is filed no later than 30 days after Walnut Place became a party to this action. Before Walnut Place was permitted to intervene as a party respondent in this action, there were no named adverse parties that could have satisfied the requirement of minimal diversity for federal jurisdiction under 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005.

9.    In accordance with 28 U.S.C. § 1446(d), Walnut Place will promptly file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of New York, and will serve a copy of the same upon counsel for all other parties.

## BASIS FOR REMOVAL JURISDICTION

10.    This Court has original jurisdiction of this proceeding under 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005.

11.    This proceeding is a "mass action," and thus is considered a class action for purposes of federal jurisdiction under CAFA. 28 U.S.C. § 1332(d)(11). A "mass action" means "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." This proceeding is a civil action[1] that seeks to try jointly the claims for monetary relief of 530 separate trusts. *See* Ex. A ("Petitioner, The Bank of New York Mellon, solely in its capacity as trustee of the five hundred and thirty (530) residential mortgage-securitization trusts listed on Exhibit A hereto . . . for its verified petition pursuant to CPLR § 7701, alleges as follows.")

12.    The diversity of citizenship requirement is satisfied in this proceeding. Jurisdiction under CAFA is proper so long as there is minimal diversity. *See* 28 U.S.C. § 1332(d)(2)(A). BNYM's petition correctly alleges that "The Bank of New York Mellon is a bank organized under the laws of the State of New York having its principal place of business at One Wall Street, New York, New York 10286." This Court has held that "for purposes of diversity, a trust is a citizen of the state where its trustee is domiciled." *See Feiner Family Trust v. VBA Corp.*, 2007 WL 2615448, at *3 (S.D.N.Y. Sept. 11, 2007). Walnut Place VIII LLC, Walnut Place IX LLC, and Walnut Place X LLC are limited liability companies organized under the laws of Delaware. Their members are limited partnerships organized under the laws of Delaware. Walnut Place VIII LLC is a citizen of Massachusetts, Connecticut, New Hampshire, and Maryland for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Walnut Place IX LLC is

---

[1] *See* Fed. R. Civ. P. 2 ("There is one form of action – the civil action.").

a citizen of Massachusetts, New Jersey, Connecticut, New Hampshire, and Maryland for purposes of diversity jurisdiction under 28 U.S.C. § 1332. And Walnut Place X LLC is a citizen of Massachusetts, Connecticut, New Hampshire, and Maryland for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Several other respondents also are citizens of states other than New York. These respondents include The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, and National Life Insurance Company. Because there are several respondents that are citizens of different states than the 530 Trusts, this action satisfies the minimal diversity requirements of CAFA.[2]

13.    The "amount in controversy" requirement of CAFA is also satisfied. Jurisdiction under CAFA exists where the aggregate amount in controversy exceeds $5 million. BNYM's petition seeks to approve a *settlement* of $8.5 billion. The underlying claims that are the subject of this proceeding well exceed $150 billion. The claims of each trust also far exceed $75,000, and thus each of the 530 Trusts satisfies the "amount in controversy" requirement of 28 U.S.C. § 1332(a).

14.    "Once CAFA jurisdiction is established, the burden of proof to establish the existence of an exception rests with the party objecting to the Court's exercise of jurisdiction." *Brook v. UnitedHealth Group, Inc.*, No. 06 CV 12954(GBD), 2007 WL 2827808, at *2 (S.D.N.Y. Sept. 27, 2007). The Walnut Place entities nevertheless state that this action falls within no exception to the exercise of federal jurisdiction under CAFA.

15.    Because this is a class action in which minimal diversity exists, the proceeding seeks to try the monetary relief claims of 100 or more persons jointly on the ground that the claims involve common question of law or fact, and there is more than $5 million in controversy,

---

[2] Local Rule 81.1 requires that a party that removes a case based on "diversity jurisdiction" must state the citizenship status of each named party. Because only minimal diversity, rather than complete diversity, is required under CAFA, the Walnut Place entities recite the citizenship only of the parties necessary to establish minimal diversity.

CAFA confers original jurisdiction on this Court pursuant to 28 U.S.C. § 1332(d). Removal is

therefore proper pursuant to 28 U.S.C. §§ 1441(a) and 1453.


Dated: New York, New York
      August 26, 2011


              GRAIS & ELLSWORTH LLP


By: _____
              David J. Grais (DG 7118)
              Owen L. Cyrulnik (OC 0598)
              Leanne M. Wilson

              40 East 52nd Street
              New York, New York 10022
              (212) 755-0100
              (212) 755-0052 (fax)

              Attorneys for Walnut Place LLC, Walnut Place II
              LLC, Walnut Place III LLC, Walnut Place IV LLC,
              Walnut Place V LLC, Walnut Place VI LLC,
              Walnut Place VII LLC, Walnut Place VIII LLC,
              Walnut Place IX LLC, Walnut Place X LLC, and
              Walnut Place XI LLC