UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the matter of the application of<br><br>THE BANK Of NEW YORK MELLON, (as Trustee under various Pooling and Servicing Agreements and Indenture Trustee under various Indentures), BlackRock Financial Management Inc. (intervenor), Kore Advisors, L.P. (intervenor), Maiden Lane, LLC (intervenor), Maiden Lane II, LLC, (intervenor), Maiden Lane III, LLC (intervenor), Metropolitan Life Insurance Company (intervenor), Trust Company of the West and affiliated companies controlled by The TCW Group, Inc. (intervenor), Neuberger Berman Europe Limited (intervenor). Pacific Investment Management Company LLC (intervenor), Goldman Sachs Asset Management, L.P. (intervenor), Teachers Insurance and Annuity Association of America (intervenor), Invesco Advisers, Inc. (intervenor), Thrivent Financial for Lutherans (intervenor), Landesbank Baden-Wuerttemberg (intervenor), LBBW Asset Management (Ireland) plc, Dublin (intervenor), ING Bank fsb (intervenor), ING Capital LLC (intervenor), ING Investment Management LLC (intervenor), New York Life Investment Management LLC (intervenor), Nationwide Mutual Insurance Company and its affiliated companies (intervenor), AEGON USA Investment Management LLC, authorized signatory for Transamerica Life Insurance Company, AEGON Financial Assurance Ireland Limited, Transamerica Life International (Bermuda) Ltd., Monumental Life Insurance Company, Transamerica Advisors Life Insurance Company, AEGON Global Institutional Markets, plc, LIICA Re II, Inc., Pine Falls Re, Inc., Transamerica Financial Life Insurance Company, Stonebridge Life Insurance Company, and Western Reserve Life Assurance Co. of Ohio (intervenor), Federal Home Loan Bank of Atlanta (intervenor), Bayerische Landesbank (intervenor), Prudential Investment Management, Inc. (intervenor), Western Asset Management,<br><br>                Petitioners,<br><br>   - against -<br><br>MARY ELLEN IESU, MILDRED BARRETT, CHERYL G. PHILLIPS and MICHAEL P. CARY, on behalf of | Civil No. 11-cv-5988<br><br><br>**BRIEF IN SUPPORT OF MOTION TO INTERVENE** |

1

themselves and all those similarly situated,

>Intervenors – Respondents,

for an order, pursuant to CPLR § 7701, seeking judicial instructions and approval of a proposed settlement.

## INTRODUCTION

Just over two months ago, Bank of New York Mellon ("Trustee") petitioned a New York state court for approval of a settlement agreement ("Settlement") which directly and materially harms the hundreds of thousands of homeowners ("Homeowners") represented by the loans in the 530 residential mortgage securitization trusts ("Covered Trusts").  The value of the mortgage loans in the Covered Trusts has declined due to a plethora of problems in the origination and servicing of the loans.  The Settlement does little, if anything, to address the causes of those harms.  Rather, the Settlement speeds up the very process that harms Homeowners and, ultimately, harms the trust beneficiaries.

The state court action was removed to this Court on August 26, 2011.  Homeowners Mary Ellen Iesu, Mildred Barrett, Cheryl G. Phillips and Michael P. Cary have mortgage loans contained within the Covered Trusts and now seek to intervene in this proceeding pursuant to Rule 24 of the Federal Rules of Civil Procedure for the purposes of representing the interests of similar homeowners.

## ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure allows interested parties in an action to intervene.  Rules 24(a) and 24(b), respectively, allow interested parties to intervene (1) as of right or (2) if the interested parties' claims or defenses and the "main action" have a common question of law or fact.  In this case, Homeowners should be allowed to intervene as of right

2

because they have real and substantial interests in the outcome of this proceeding. Further, Homeowners' claims and this action have common issues of law and fact.

## I. HOMEOWNERS ARE ENTITLED TO INTERVENE AS OF RIGHT

Rule 24 of the Federal Rules of Civil Procedure states, in pertinent part, that a party may intervene as of right if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Courts have interpreted Rule 24 to include four requirements for intervention as of right:

> [A]n applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

*New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992) (citing *United States v. State of New York,* 820 F.2d 554, 556 (2d Cir. 1987)). Homeowners meet all four requirements.

### A. Homeowners' Motion Is Timely Filed

Homeowners have timely filed this motion to intervene. The Trustee filed the present action in New York state court only two months ago. In the state court action, the court set August 30, 2011 as the deadline for objections to the proposed settlement. This deadline is moot due to the removal of the state court action to this Court; however, Homeowners have filed their intervention papers and stated their objections to the proposed settlement by August 30, 2011.

### B. Homeowners Have An Interest In The Action

In this action, the Trustee seeks to drastically alter the servicing program that governs the servicing of Homeowners' loans. Remarkably, the Trustee advocates – via the Settlement – that a seriously flawed servicing program not be corrected, but rather, accelerated. In other words, a

servicing program that has led to wide-scale, egregious abuses against Homeowners is being made to operate faster – all to the detriment of Homeowners' interests.

Homeowners possess a contractual right to have their loans serviced in good faith and with fair dealing. The proposed Settlement tramples that right. As such, it cannot seriously be disputed that Homeowners have an interest in the action.

### C. Homeowners Can Demonstrate That Their Interests Will Be Impaired By The Disposition Of The Action

Homeowners have today filed in this Court a separate and independent lawsuit against, *inter alia*, the Trustee and the servicer of Homeowners' loans in an effort to halt the abusive and error-riddled servicing program now in place. If this Court were to rule favorably for the Trustee and approve the Settlement, the abusive servicing program at issue in Homeowners' lawsuit would move Homeowners toward foreclosure – rightly or wrongly – at an even faster pace. Many Homeowners would be placed in the untenable position of trying to litigate a challenge to the servicing program that is simultaneously causing them to potentially lose their homes. Absent Homeowners' intervention, the Court may find itself approving a settlement that negatively impacts Homeowners' separate lawsuit without being fully apprised of the errors and abuses in the servicing program and their effect on Homeowners.

The Settlement directly harms Homeowners in the following distinct and concrete ways:

1. The touted servicing "improvements" only aim to accelerate the rate of foreclosures but fail to set standards to protect homeowners from wrongful or unnecessary foreclosure or abusive servicing.

2. The referral to subservicers will not protect homeowners from illegal and abusive servicing. Although the referral of loans to specialty subservicers seems designed to increase Bank of America's incentives to keep loans performing because it will reduce its ability to profit from default-related fees, nothing in the Settlement actually requires the responsible servicing of loans by subservicers.

3. The compensatory fee structure within the Settlement speeds up foreclosures without protecting Homeowners from wrongful foreclosure.

4

4. The compensatory fee structure set forth in paragraph 5(c)(iii) of the Settlement applies to loans retained for servicing by Bank of America. Under this structure, should Bank of America fail to refer a loan to foreclosure in a timely way, or fail to liquidate the property at a foreclosure sale quickly enough, Bank of America faces the prospect of paying to the Covered Trust an amount equivalent to the monthly interest due on that loan. There are no corresponding penalties for errors in servicing that harm homeowners. This lopsided incentive structure will foster foreclosures at the expense of Homeowners.

5. This system, as designed in the Settlement, provides no exceptions for instances when a Homeowner and a servicer are in the midst of negotiating a loan modification or when the borrower is performing under any loan modification for the initial referral or performing under a proprietary loan modification or any other non-Home Affordable Modification Program loan modification not mandated by law for a foreclosure sale.

In further support of this motion to intervene, Homeowners have filed a Pleading In Intervention and Objection to the Proposed Settlement. Attached as Exhibit A to the Pleading in Intervention is the Report of Diane E. Thompson and Margot Freeman Saunders of the National Consumer Law Center. This Report describes the impact the Settlement will have on Homeowners.

### D. Homeowners' Interests Are Not Adequately Protected By Any Party To The Action

No party to this action even purports to represent the interests of Homeowners much less adequately protect Homeowners' interests. The only interests that are arguably adequately represented before the Court are those of the Trustee, the servicing entities, and the investors. The group that will be most harmed by the proposed settlement – the Homeowners – are not represented by any party to this action. Thus, it is no stretch to posit that Homeowners' interests are not adequately represented by any parties to this action.

Furthermore, the proposed settlement fails to even adequately represent the interests of the investors, on whose behalf the Trustee purports to be acting. Against the backdrop of systemic abuse in the servicing of the subject loans, the Trustee proposes not a settlement to

remedy the abuses – thereby increasing the value of the investors' interests – but a settlement that will only speed up the abusive process that has spawned so much improper and unlawful conduct across the spectrum of loans in the Covered Trusts. Making an utterly defective system faster does not ultimately benefit the Investors in the 530 Covered Trusts at issue. It decreases the value of their investments, which demonstrates that the Trustee has not acted reasonably in advocating the approval of the Settlement.

## II. THE HOMEOWNERS' CLAIMS AND THE SETTLEMENT BEFORE THE COURT PRESENT COMMON ISSUES OF LAW OR FACT

Assuming *arguendo* that the Homeowners are not allowed to intervene as of right, they should be allowed to intervene pursuant to Rule 24(b)(1)(B), which states, in pertinent part, that a party should be allowed to intervene by permission when that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1)(B).

The Homeowners' claims, as set out in their Class Action Complaint, which is attached to the Pleading in Intervention and Objection to the Settlement as Exhibit B, directly relate to the servicing provisions contained in the Settlement. In this proceeding, the Trustee must demonstrate the reasonableness of the Settlement. If the Settlement includes terms that would cause the parties to breach their contracts with Homeowners, the Settlement could hardly be considered reasonable. Therefore, it is beyond argument that common questions of law and fact exist between this action and the Homeowners' claims.

Further, allowing Homeowners to intervene in this action will not prejudice any party nor will it cause undue delay. Allowing the Homeowners to intervene to protect their interests will cause no more delay than is necessary for the Trustee to carry its burden of showing that the settlement is indeed reasonable and fair (which the Homeowners can show is not).

## CONCLUSION

For the foregoing reasons, Homeowners respectfully request that the Court grant their motion to intervene.

Dated:  August 30, 2011.

Respectfully submitted,

/s/ **Keith M. Fleischman**
Keith M. Fleischman, Esq.
Hung G. Ta, Esq.
June H. Park, Esq.
Francis P. Karam, Esq.
FLEISCHMAN LAW FIRM
565 Fifth Avenue, Seventh Floor
New York, NY 10017
(212) 880-9567
keith@fleischmanlaw.com
hta@fleischmanlawfirm.com
jpark@fleischmanlawfirm.com
frank@fkaramlaw.com

Sheila Canavan, Esq.
LAW OFFICES OF SHEILA CANAVAN
70 Desert Solitaire Rd.
Moab, Utah 84532
(435) 259-3593
cananvansheila@citlink.com

Don Barrett, Esq.
Brian Herrington, Esq.
Katherine Riley, Esq.
David McMullan, Esq.
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
(662) 834-9168
dbarrett@barrettlawgroup.com
bherrington@barrettlawgroup.com
kbriley@barrettlawgroup.com
dmcmullan@barrettlawgroup.com

Charles Barrett, Esq.
(Admitted in New York)
BARRETT LAW GROUP, P.A.
6518 Highway 100
Suite 210
Nashville, TN 37205
(615) 515-3393
charles@cfbfirm.com

Richard R. Barrett, Esq.
BARRETT LAW GROUP, P.A.
1223 Jackson Ave.
Suite 203
Oxford, MS 38655
(662) 307-7000
rrb@rrblawfirm.com

*Attorneys for Homeowners and the Class*