UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the matter of the application of

THE BANK OF NEW YORK MELLON (as Trustee under
various Pooling and Servicing Agreements and Indenture
Trustee under various Indentures), *et al*,

     Petitioner,

         -against-

WALNUT PLACE LLC, *et al.,*

     Intervenor- Respondents,

No. 11-CIV-5988

Assigned to: Hon. William
H. Pauley III

MEMORANDUM OF
LAW IN SUPPORT OF
PROPOSED
INTERVENOR-
RESPONDENT AIG'S
MOTION TO
INTERVENE

     American International Group, Inc., American General Assurance Company, American

General Life and Accident Insurance Company, American General Life Insurance Company,

American General Life Insurance Company of Delaware , American Home Assurance Company,

American International Life Assurance Company of New York, Chartis Property Casualty

Company, Chartis Select Insurance Company, Commerce and Industry Insurance Company,

First SunAmerica Life Insurance Company, Lexington Insurance Company, National Union Fire

Insurance Company of Pittsburgh, PA, New Hampshire Insurance Company, SunAmerica

Annuity and Life Assurance Company, SunAmerica Life Insurance Company, The Insurance

Company of the State of Pennsylvania, The United States Life Insurance Company in the City of

New York, The Variable Annuity Life Insurance Company, and Western National Life Insurance

Company (hereinafter collectively referred to as "AIG") submit this memorandum of law in

support of their motion to intervene, and state as follows:

## **INTRODUCTION**

     In this action, the Bank of New York Mellon ("BoNY"), as trustee for 530 residential

mortgage-backed securities trusts, seeks judicial approval of a proposed settlement reached with

574737

Countrywide Home Loans, Inc. and its affiliates ("Countrywide") and its parent, Bank of

America Corporation ("BAC").  AIG is a certificateholder in 97 of the at-issue trusts.  Prior to

the removal of this action to federal court, AIG had filed a motion to intervene in the state court

action, which BoNY did not oppose.  That motion was pending when this action was removed.

AIG now seeks to intervene in this action to protect its interests in those trusts.

## ARGUMENT

**I.      AIG Is Permitted to Intervene as of Right.**

Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to

intervene" on a "timely" motion if that party "claims an interest relating to the property or

transaction that is the subject of the action, and is so situated that disposing of the action may as

a practical matter impair or impede the movant's ability to protect its interest, unless existing

parties adequately represent that interest."

> Intervention as of right under Rule 24(a)(2) is granted when all four of the
> following conditions are met: (1) the motion is timely; (2) the applicant asserts an
> interest relating to the property or transaction that is the subject of the action; (3)
> the applicant is so situated that without intervention, disposition of the action
> may, as a practical matter, impair or impede the applicant's ability to protect its
> interest; and (4) the applicant's interest is not adequately represented by the other
> parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).  AIG

satisfies these criteria.

**A.    AIG's Motion Is Timely.**

AIG has timely filed its motion to intervene.  This matter was removed to this Court on

August 26, 2011, and AIG has filed its motion to intervene within one week of the removal.

Further, at the time of removal, AIG had pending before the state court a motion to intervene in

the state court action, which BoNY did not oppose.  *See* Rollin Decl. ¶¶ 5-6.  Finally, AIG

submitted a notice of intention to appear and object in this court and in state court on August 30,

2

2011, a date that the trustee stated would be sufficient to permit a party to be heard in regards to the settlement.  *See id.* ¶ 7.  This motion to intervene is timely.

**B.  AIG Asserts an Interest in the Transaction That Is the Subject of the Action.**

AIG is a certificateholder in 97 of the 530 trusts at issue in the settlement proposed by BoNY.  Rollin Decl. ¶ 3.  The proposed settlement seeks to resolve claims that those trusts have against BAC and Countrywide.  Accordingly, AIG "asserts an interest relating to the property or transaction that is the subject of the action."  *MasterCard Int'l Inc.*, 471 F.3d at 389.

**C.  Disposition of the Action May Impair or Impede AIG's Ability to Protect Its Interest.**

This is an action seeking judicial approval of a proposed settlement of claims.  If approved, the settlement may completely foreclose AIG's ability to protect its interest in pursuing claims against Countrywide and BAC.  This is sufficient to satisfy the third criterion for intervention as of right.

**D.  AIG's Interest Is Not Adequately Represented by Other Parties.**

Finally, intervention as of right is appropriate because its interests are not adequately represented by other parties to this action.  "[T]he burden to demonstrate inadequacy of representation is generally speaking minimal."  *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (internal quotations omitted).  AIG easily satisfies this minimal standard.  AIG owns interests in more trusts than the Walnut Place entities, so AIG's interests are not the same as those entities.  Nor does BoNY adequately represent AIG's interests.  In fact, as the action is currently styled, BoNY is adverse to its investors, demonstrating that, at least at this stage of the litigation, the trustee cannot be presumed to adequately represent the interests of AIG.

574737

Because it satisfies the criteria for intervention as of right, AIG asks this Court to permit it to intervene as a Respondent.

**II.      In the Alternative, AIG Should Be Permitted to Intervene.**

Even if a party is not entitled to intervene as of right, the court may still permit it to intervene if that party has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This standard is easily satisfied, as AIG's claims relate to the fairness and propriety of the settlement, questions that are at the heart of this case. Further, AIG has substantial experience in residential mortgage backed securities litigation, and its participation in this action is likely to assist the court in its evaluation of the proposed settlement.

Therefore, in the alternative, AIG asks that it be permitted to intervene under Federal Rule of Civil Procedure 24(b)(1)(B).

## CONCLUSION

For the foregoing reasons, AIG asks that it be allowed to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b)(2)(B).

Dated:  September 2, 2011                                  Respectfully Submitted,


                                         _____*/s/ Michael A. Rollin*_____
                                         Michael A. Rollin
                                         Daniel M. Reilly (Pro Hac Pending)
                                         Reilly Pozner LLP
                                         1900 Sixteenth Street, Suite 1700
                                         Denver, Colorado 80202
                                         Telephone:  (303) 893-6100
                                         Fax:  (303) 893-6110
                                         mrollin@rplaw.com
                                         dreilly@plaw.com

                                         *Attorneys for American International Group, Inc., et al.*

4

574737

## CERTIFICATE OF SERVICE

This is to certify that on this 2nd day of September, 2011, a true and correct copy of the MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENOR-RESPONDENT AIG'S MOTION TO INTERVENE was served on the following counsel via ECF/PACER.

Matthew D. Ingber
Mayer Brown LLP
1675 Broadway
New York, NY  10019
*Counsel for The Bank of New York Mellon*

Peter N. Tsapatsaris
200 East 33rd Street
27th Floor, Suite D
New York, NY  10016

Thomas T. Carroll
Special Deputy Attorney General
120 Broadway, 23rd Floor
New York, NY  10271

Jeremy D. Eicher
Deputy Attorney General
820 N. French Street
Wilmington DE  19801

Steven S. Fitzgerald
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY  10110

Jacob W. Buchdahl
Susman Godfrey LLP
570 Lexington Ave., 15th Floor
New York, NY  10022

Jason H. Alperstein
Feguson Weiselberg Keechl
200 S.W. First Avenue, 12th Floor
Ft. Lauderdale, FL  33301

Kenneth E. Warner
Warner Partners P.C.
950 Third Avenue, 32nd Floor
New York, NY  10022

Owen L. Cyrulnik
Grais & Ellsworth LLP
40 East 52nd Street
New York, NY  10022

Beth A. Kaswan
Scott+Scott LLP
500 Fifth Avenue, 40th Floor
New York, NY  10110

Corban S. Rhodes
570 Lexington Avenue
New York, NY  10022

Olimpio Lee Squirieri
Squirtieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY  10022

Russell Yankwitt
Yankwitt & McGuire, LLP
140 Grand Street, Penthouse 2
White Plains, NY  10601

Dated:  September 2, 2011

_____ *s/ Michael A. Rollin* _____

574737