UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the matter of the application of

THE BANK OF NEW YORK MELLON (as
Trustee under various Pooling and Servicing
Agreement and Indenture Trustee under various
Indentures) *et al.*,

                Petitioners,

                -against-

WALNUT PLACE LLC *et al.*,

                Intervenor-Respondents.

**2011-cv-5988 (WHP)**

---

## MEMORANDUM OF LAW OF
## THE INSTITUTIONAL INVESTORS IN OPPOSITION
## TO THE MOTION TO INTERVENE OF MARY ELLEN IESU, ET AL.

The Institutional Investors (22 of the largest holders of the certificates at issue in this Article 77 proceeding), Intervenor-Petitioners in this action in support of the proposed Settlement, file this response in opposition to the Motion to Intervene filed by Mary Ellen Iesu, *et al.* (the "Borrowers") (Doc. # 17).[1]

---

[1] The "Institutional Investors" are BlackRock Financial Management Inc., Kore Advisors, L.P., Maiden Lane, LLC, Maiden Lane II, LLC, Maiden Lane III, LLC, Metropolitan Life Insurance Company, Trust Company of the West and affiliated companies controlled by The TCW Group, Inc., Neuberger Berman Europe Limited, PIMCO Investment Management Company LLC, Goldman Sachs Asset Management, L.P., as adviser to its funds and accounts, Teachers Insurance and Annuity Association of America, Invesco Advisers, Inc., Thrivent Financial for Lutherans, Landesbank Baden-Wuerttemberg, LBBW Asset Management (Ireland) plc, Dublin, ING Bank fsb, ING Capital LLC, ING Investment Management LLC, New York Life Investment Management LLC, as investment manager, Nationwide Mutual Insurance Company and its affiliated companies, AEGON USA Investment Management LLC, authorized signatory for Transamerica Life Insurance Company, AEGON Financial Assurance Ireland Limited, Transamerica Life International (Bermuda) Ltd., Monumental Life Insurance Company, Transamerica Advisors Life Insurance Company, AEGON Global Institutional Markets, plc,

# I.
## THIS RESPONSE IS MADE SUBJECT TO
## AND WITHOUT WAIVER OF THE PENDING MOTION TO REMAND

This Article 77 proceeding was removed to this Court on August 26, 2011 (Doc. # 1). On September 1, 2011, Petitioner The Bank of New York Mellon (the "Trustee") filed a motion to remand arguing that this Court lacks subject matter jurisdiction (Doc. #55). The Institutional Investors have joined in the Trustee's motion to remand.

This response in opposition to the Borrowers' motion to intervene is made subject to and without waiving the Institutional Investors' joinder in the pending motion for remand. Moreover, since the remand motion calls into question the Court's subject matter jurisdiction, the Institutional Investors respectfully submit that the Court should not consider or rule on the Borrower's motion to intervene, if at all, until after the motion to remand is decided.[2]

# II.
## RESPONSE IN OPPOSITION TO MOTION TO INTERVENE

The Borrowers are not, and do not claim to be, certificateholders in the Covered Trusts.[3] As such they have no standing to appear in this Article 77 proceeding, where the sole issue is the reasonableness of the Trustee's decision to compromise and settle claims belonging to the Covered Trusts. For this reason, the Borrowers' motion to intervene should be denied.

---

LIICA Re II, Inc.; Pine Falls Re, Inc., Transamerica Financial Life Insurance Company, Stonebridge Life Insurance Company, and Western Reserve Life Assurance Co. of Ohio, Federal Home Loan Bank of Atlanta, Bayerische Landesbank, Prudential Investment Management, Inc., and Western Asset Management Company.

[2] "When an action is removed from state court, the district court must initially determine whether it has subject matter jurisdiction over a plaintiff's claim before reaching the merits of a motion to dismiss, for summary judgment, or for any other relief." *Borden v. Blue Cross and Blue Shield of W. N.Y.*, 418 F.Supp.2d 266, 270 (W.D.N.Y. 2006) (emphasis added). *Accord Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

[3] Capitalized terms have the meanings assigned to them in the Trustee's Petition.

## A.
## The Borrowers' Intervention

According to their Petition, the Borrowers are four individual obligors on mortgages that are owned by one or more of the Covered Trusts. *See* Borrowers' Pleading in Intervention (Doc. # 22) at 2 (hereafter "Borrowers' Petition"). The Borrowers have filed a separate suit (which they seek to prosecute as a class action) in which they assert that the servicer of their mortgages (BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP) (the "Servicer") has breached its alleged contractual obligations to them to properly service their loans. *Id.* at Ex. B.

The Borrowers now seek to intervene in this Article 77 proceeding in order to object to the Settlement. The focus of their complaint is the servicing improvements in the Settlement regarding the Servicer's obligation to the Trustee and the Covered Trusts to prudently service the mortgages in the trusts.[4] The Borrowers do not criticize the servicing improvements on the grounds that they are not in the best interest of certificateholders. Rather, they criticize them because they do no obtain for the Borrowers the relief that they seek in their separate lawsuit, in which they seek to prosecute their own separate contract claims. Specifically, they complain that the Settlement: (i) "does nothing to end existing abuses;" (ii) "undermines existing efforts to stabilize the housing markets;" and (iii) "fail[s] to set standards to protect homeowners from wrongful or unnecessary foreclosure or abusive servicing." *Id.* at ¶¶ 2, 5, and 8.

---

[4] In summary, the servicing improvements in the Settlement: (1) provide for the implementation of subservicing queue for troubled loans so that borrowers received the "high touch" specialty servicing they need to help them return their loans to performing status if possible; (2) require the Servicer to benchmark its servicing performance against the standards imposed by the FHFA for servicing mortgages guaranteed by the federal government; and (3) require the Servicer to pay compensation to the trusts in the event that its servicing performs deviates from agreed benchmarks. *See* Ex. B to Trustee Petition (State Court Doc. #1) at ¶ 5.

While the Institutional Investors dispute these claims (and would point out that, in fact, the servicing improvements in the Settlement offer significant benefits to Borrowers), this is beside the point because nowhere in their papers do the Borrowers identify a protectable legal interest that would authorize them: (i) to be heard on whether the Settlement should be approved by the Court; or (ii) to prevent the servicing improvements called for by the Settlement from being implemented.

As this Court has previously observed, *"[i]ntervention is not an avenue for advancing the competing agendas of non parties to a settlement*, but instead is a procedural device that attempts to accommodate two competing policies: efficiently administering legal disputes by resolving all related legal issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy, or prolonged, on the other hand. *SEC v. Bear Stearns & Co., Inc.*, 2003 WL 22000340, at *2 (S.D.N.Y. 2003) (Pauley, J.) (emphasis added, quotations omitted). The Institutional Investors submit that the proper application of this principle here dictates that the Borrowers' motion to intervene be denied.

### B.
### The Borrowers Are Not Entitled to Intervene as a Matter of Right

"In order to intervene as of right pursuant to Rule 24(a)(2), the applicant must: (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action. Failure to meet any one of these requirements suffices for a denial of the motion." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, (2d Cir. 2000) (citations omitted).[5]

---

[5] Because this proceeding is currently pending in federal court, and because the Borrowers have sought intervention under the Federal Rules of Civil Procedure, the Institutional Investors have based their response on federal law. In the event that their request for remand is granted, the

The Borrowers are not entitled to intervention as a matter of right because they cannot satisfy the second and third of these requirements.

1.

## The Borrowers Cannot Show an Interest in this Proceeding

As this Court has previously explained, in order to show an interest in the litigation sufficient to warrant interventions as a matter of right:

> "A non-party seeking to intervene as of right must claim a direct, substantial, and legally protectable interest in the subject matter of the action. . . . Intervention cannot be used as a means to inject collateral issues into an existing action."

*Compagnie Noga D'Importation Et D'Exportation S.A. v. The Russian Federation*, 2005 WL 1690537, at *4 (S.D.N.Y. 2005) (Pauley, J.) (citations and quotations omitted). *Accord Washington Elec. Co-op, Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990). The Borrowers fail this test. They are not certificateholders, meaning they have no protectable legal interest in the Covered Trusts or the actions of the Trustee in administering them.

Moreover, the Borrowers have not identified any legal right that would authorize them to interfere in the contractual relations between the Trustee and the Servicer in improving servicing for the mortgages in the Covered Trusts. Nor have the Borrowers identified any legal right that entitles them to object to a settlement, to which they are not parties, on the basis that it does not obtain relief for them on their own separate claims that they seek to prosecute in a separate suit.

Whatever complaints the Borrowers have about the way in which their mortgages have been serviced, they have no direct, substantial, and legally protectable interest in the subject matter of this Article 77 proceeding. This proceeding is one to determine rights between a

---

Institutional Investors reserve the right to re-brief the issues addressed herein under New York law.

trustee and trust beneficiaries, and not to decide the rights between borrowers and mortgage servicers. As this Court has noted, "[i]ntervention cannot be used as a means to inject collateral issues into an existing action." *Id.* at *4. Accordingly, because the Borrowers have no direct, substantial, and legally protectable interest in the subject matter of this case, their motion for intervention as a matter of right should be denied.

## 2.
## The Borrowers Have No Interest
## That Will Be Impaired by the Disposition of this Proceeding

At the conclusion of this proceeding, one issue will be decided by the presiding court: Whether the Trustee's decision to enter into the Settlement was reasonable and consistent with its duties to certificateholders. The answer to that single question will not impair any direct, substantial, and legally protectable interest of the Borrowers. Nor will it prejudice their rights to assert whatever claims they believe they have against the Servicer, or resolve any issue that might arise in such litigation.

Moreover, the fact that approval of the Settlement will lead to the implementation of servicing reforms that are unsatisfactory to the Borrowers is irrelevant to the inquiry. Nowhere in their intervention papers do the Borrowers identify any way in which the servicing improvements called for by the settlement will, if implemented according to their terms, deprive any borrower of any legally protectable right or interest. Accordingly, the Borrowers' motion for intervention as a matter of right should be denied.

## C.
## The Borrowers Are Not Entitled to Permissive Intervention

The Borrowers claim that they are entitled to permissive intervention, on the grounds that they have "a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), is meritless. The Borrowers' separate claims for poor

6

servicing of their mortgages do not share common questions of law or fact with this Article 77 proceeding.  As noted above, this proceeding is one in which the Trustee seeks direction and instruction with respect to its decision to enter into the Settlement.  The limited question presented in this special proceeding – whether the Trustee's decision to enter into the Settlement was consistent with its duties and obligations to trust beneficiaries -- shares no common issues of fact or law with the Borrowers' claims that their mortgages have been serviced improperly and that they are entitled to monetary and other relief as a result.  Accordingly, the Borrowers are not entitled to permissive intervention.

Moreover, "permissive intervention will not be granted, even where there is a strong commonality of fact or law, where such intervention would cause undue delay, complexity or confusion in a case."  *Bear Stearns*, 2003 WL 22000340, at *2.  Here, intervention by the Borrowers would transform this Article 77 special proceeding from one in which the inquiry is limited to the Trustee's decision to enter into the Settlement into a far-ranging examination of servicing practices as they relate to the rights of borrowers.  Such an unnecessary expansion of the scope of this case would unquestionably cause undue delay, complexity, and confusion, which is itself an independent basis on which permissive intervention can and should be denied.

**III.**
**CONCLUSION**

For all the forgoing reasons, and subject to the pending motion to remand, the Institutional Investors respectfully request that the Court deny the Borrowers' motion to intervene.

Dated: New York, New York
       September 13, 2011

                  WARNER PARTNERS, P.C.

                  By: _____
                      Kenneth E. Warner (KW-5524)

                      950 Third Avenue, 32nd Floor
                      New York ,New York  10022
                      Phone:  (212) 593-8000

                      *Attorneys for Intervenor-Petitioners*