# EXHIBIT C

**Exhibit B**

**Form of Order**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
In the matter of the application of                         :
                                                            :
THE BANK OF NEW YORK MELLON,                                :          Index No.
(as Trustee under various Pooling and Servicing             :
Agreements and Indenture Trustee under various              :
Indentures),                                                :          **[PROPOSED]**
                                    Petitioner,             :          **FINAL ORDER AND**
                                                            :          **JUDGMENT**
for an order, pursuant to CPLR § 7701, seeking              :
judicial instructions and approval of a proposed            :
settlement.                                                 :
                                                            :
--------------------------------------------------------------X

Petitioner, The Bank of New York Mellon, solely in its capacity as trustee or

indenture trustee under 530 mortgage-securitization trusts identified in Exhibit A to the

Verified Petition (the "Petitioner" or the "Trustee"), evidenced by 530 separate Pooling

and Servicing Agreements ("PSAs") or Indentures and related Sales and Servicing

Agreements ("SSAs," and together with the PSAs and Indentures, the "Governing

Agreements"), having applied to this Court for an order pursuant to CPLR § 7701 for

judicial instructions and approval of a settlement entered into by and among the Trustee,

Bank of America Corporation, BAC Home Loans Servicing, LP, Countrywide Financial

Corporation, and Countrywide Home Loans, Inc. (the "Settlement"), such Settlement

being embodied in the settlement agreement, dated June 28, 2011 (the "Settlement

Agreement") attached to the Verified Petition herein  and  attached hereto as Exhibit A;

and

UPON reading and filing the Verified Petition and the exhibits thereto; the Affirmation of Matthew D. Ingber, counsel to the Trustee, in support of the Verified Petition, dated June 28, 2011 (the "Ingber Affirmation"); The Bank of New York Mellon's Memorandum of Law In Support of Its Verified Petition Seeking Judicial Instructions and Approval of a Proposed Settlement, dated June 28, 2011; all answers, objections, or other responses filed in response to the Verified Petition; all papers filed in response to those answers, objections, or responses; and upon all prior proceedings and pleadings heretofore had; and

UPON this Court having rendered its decision (the "Decision") on _____, 2011, which Decision is attached hereto as Exhibit B; and

UPON the Decision with notice of entry (attached hereto as Exhibit C) having been served upon all parties on _____, 2011;

NOW, it is hereby ORDERED, ADJUDGED, and DECREED that:

a) For purposes of this Final Order and Judgment, the Court adopts all defined terms set forth in the Settlement Agreement.  Capitalized terms used herein, unless otherwise defined, shall have the meanings set forth in the Settlement Agreement.

b) The Court has jurisdiction over the subject matter of this Article 77 Proceeding.  The Court has jurisdiction over the Petitioner, the Covered Trusts, and all certificateholders and noteholders of the Covered Trusts (the "Trust Beneficiaries") with respect to the matters determined herein.  (As used herein, "Trust Beneficiaries" shall have the same meaning as "Investors" under the Settlement Agreement.)

c) The form and the method of dissemination of notice (the "Notice"), as described in and as previously approved by the Court's Order dated _____, 2011 (the "Preliminary Order"), provided the best notice practicable under the circumstances and was reasonably calculated to put interested parties on notice of this action. The Preliminary Order provided, *inter alia*, for the Notice to be provided by a combination of individual notice, notice by publication in specified publications, notice through the Depository Trust Company, advertising on the internet, and notice through a website created and maintained by the Trustee for the Article 77 Proceeding. The Petitioner has submitted evidence establishing its compliance with reasonable diligence with the Preliminary Order. The Court finds that the Notice was provided in accordance with the provisions of the Preliminary Order.

d) The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and the Court's consideration of the actions of the Trustee in entering into the Settlement Agreement, to all persons entitled to such notice, including the Potentially Interested Persons identified in paragraph 6 of the Ingber Affirmation, including the Trust Beneficiaries, and the Notice fully satisfied the requirements of New York law, federal and state due process requirements and the requirements of other applicable law.

e) A full and fair opportunity has been offered to all Potentially Interested Persons, including the Trust Beneficiaries, to make their views known to the Court, to object to the Settlement and to the approval of the actions of the

Trustee in entering into the Settlement Agreement, and to participate in the hearing thereon. Accordingly, the Covered Trusts, all Trust Beneficiaries, and their successors-in-interest and assigns, and any Persons claiming by, through, or on behalf of any of the Trustee, the Trust Beneficiaries, or the Covered Trusts or under the Governing Agreements are bound by this Final Order and Judgment.

f)  The Trustee has the authority, pursuant to the Governing Agreements and applicable law: (i) to assert, abandon, or compromise the Trust Released Claims, and (ii) to enter into the Settlement Agreement on behalf of all Trust Beneficiaries, the Covered Trusts, and any Persons claiming by, through, or on behalf of any of the Trustee, the Trust Beneficiaries, or the Covered Trusts or under the Governing Agreements.

g)  Pursuant to the Governing Agreements and applicable law, the decision whether to enter into the Settlement Agreement on behalf of all Trust Beneficiaries, the Covered Trusts, and any Persons claiming by, through, or on behalf of any of the Trustee, the Trust Beneficiaries, or the Covered Trusts or under the Governing Agreements is a matter within the Trustee's discretion.

h)  The Settlement Agreement is the result of factual and legal investigation by the Trustee, and is supported by the Institutional Investors.

i)  The Trustee appropriately evaluated the terms, benefits, and consequences of the Settlement and the strengths and weaknesses of the claims being settled. In that regard, the Trustee appropriately considered the claims made and

positions presented by the Institutional Investors, Bank of America, and Countrywide relating to the Trust Released Claims in considering whether to enter into the Settlement Agreement.

j)   The arm's-length negotiations that led to the Settlement Agreement and the Trustee's deliberations appropriately focused on the strengths and weaknesses of the Trust Released Claims, the alternatives available or potentially available to pursue remedies for the benefit of the Trust Beneficiaries, and the terms of the Settlement.

k)   The Trustee acted in good faith, within its discretion, and within the bounds of reasonableness in determining that the Settlement Agreement was in the best interests of the Covered Trusts.

l)   Pursuant to CPLR § 7701, the Court hereby approves the actions of the Trustee in entering into the Settlement Agreement in all respects.

m) The Parties are directed to consummate the Settlement in accordance with its terms and conditions, and the Settlement is hereby approved by the Court in all respects.

n)   The Settlement Agreement is hereby approved in all respects, and is fully enforceable in all respects.  The release in the Settlement Agreement provides as follows:

**9.    Release.**

(a)        Effective as of the Approval Date, except as set forth in Paragraph 10 [of the Settlement Agreement], the Trustee on behalf of itself and all Investors, the Covered Trusts, and/or any Persons claiming by, through, or on behalf of any of the Trustee, the Investors, or the Covered Trusts or under the Governing Agreements (collectively, the Trustee, Investors, Covered Trusts, and such Persons being defined together as the "Precluded Persons"),

- B-5 -

irrevocably and unconditionally grants a full, final, and complete release, waiver, and discharge of all alleged or actual claims, counterclaims, defenses, rights of setoff, rights of rescission, liens, disputes, liabilities, Losses, debts, costs, expenses, obligations, demands, claims for accountings or audits, alleged Events of Default, damages, rights, and causes of action of any kind or nature whatsoever, whether asserted or unasserted, known or unknown, suspected or unsuspected, fixed or contingent, in contract, tort, or otherwise, secured or unsecured, accrued or unaccrued, whether direct, derivative, or brought in any other capacity that the Precluded Persons may now or may hereafter have against any or all of the Bank of America Parties and/or Countrywide Parties arising out of or relating to (i) the origination, sale, or delivery of Mortgage Loans to the Covered Trusts, including the representations and warranties in connection with the origination, sale, or delivery of Mortgage Loans to the Covered Trusts or any alleged obligation of any Bank of America Party and/or Countrywide Party to repurchase or otherwise compensate the Covered Trusts for any Mortgage Loan on the basis of any representations or warranties or otherwise or failure to cure any alleged breaches of representations and warranties, including all claims arising in any way from or under Section 2.03 ("Representations, Warranties and Covenants of the Sellers and Master Servicer")[1] of the Governing Agreements, (ii) the documentation of the Mortgage Loans held by the Covered Trusts (including the documents and instruments covered in Sections 2.01 ("Conveyance of Mortgage Loans") and 2.02 ("Acceptance by the Trustee of the Mortgage Loans") of the Governing Agreements and the Mortgage Files) including with respect to alleged defective, incomplete or non-existent documentation, as well as issues arising out of or relating to recordation, title, assignment, or any other matter relating to legal enforceability of a Mortgage or Mortgage Note, and (iii) the servicing of the Mortgage Loans held by the Covered Trusts (including any claim relating to the timing of collection efforts or foreclosure efforts, loss mitigation, transfers to subservicers, Advances, Servicing Advances, or that servicing includes an obligation to take any action or provide any notice towards, or with respect to, the possible repurchase of Mortgage Loans by the Master Servicer, Seller, or any other Person), in all cases prior to or after the Approval Date (collectively, all such claims being defined as the "Trust Released Claims").

(b)     The Trust Released Claims shall also be deemed to have been released as of the Approval Date to the full and same extent by the Master Servicer of the Covered Trusts (including the current Master Servicer, BAC HLS, and any subsequent servicer who may in the future be substituted for the current Master Servicer with respect to one or more of the Covered Trusts or any loans therein) and the Master Servicer shall be deemed to be a Precluded Person.

---

[1] Which provision is numbered 2.04 in the Sale and Servicing Agreements relating to CWHEQ 2006-A and CWHEQ 2007-G.

(c)        The release and waiver in Subparagraphs 9(a) and 9(b) [of the Settlement Agreement] is intended to include, and upon its effectiveness shall include, any claims or contentions that Bank of America or any non-Countrywide affiliate, division, or subsidiary of Bank of America, and any of the predecessors or assigns thereof, is liable on any theory of successor liability, vicarious liability, veil piercing, de facto merger, fraudulent conveyance, or other similar claim or theory for the obligations, exposure, or liability of Countrywide or any of its affiliates, divisions, or subsidiaries, and any of the predecessors or assigns thereof concerning any of the Covered Trusts, with respect to the Trust Released Claims.

## 10.    Claims Not Released.

(a)        _Administration of the Mortgage Loans_.  The release and waiver in Paragraph 9 [of the Settlement Agreement] does not include claims based solely on the action, inaction, or practices of the Master Servicer in its aggregation and remittance of Mortgage Loan payments, accounting for principal and interest, and preparation of tax-related information in connection with the Mortgage Loans and the ministerial operation and administration of the Covered Trusts and of the Mortgage Loans held by the Covered Trusts for which the Master Servicer receives servicing fees unless, as of the Signing Date, the Trustee has or should have knowledge of the actions, inactions or practices of the Master Servicer in connection with such matters.

(b)        _Servicing of the Mortgage Loans_.   Except as provided in Subparagraph 10(a) [of the Settlement Agreement], the release and waiver in Paragraph 9 [of the Settlement Agreement] includes:  (i) all claims based in whole or in part on any actions, inactions, or practices of the Master Servicer prior to the Approval Date as to the servicing of the Mortgage Loans held by the Covered Trusts; and (ii) as to all actions, inactions, or practices by the Master Servicer after the Approval Date, only (A) actions, inactions, and practices that relate to the aspects of servicing addressed in whole or in part by the provisions of Paragraph 5 [of the Settlement Agreement] (material compliance with which shall satisfy the Master Servicer's obligation to service the Mortgage Loans prudently in accordance with all relevant sections of the Governing Agreements) and (B) actions, inactions, or practices that relate to the aspects of servicing not addressed by the provisions of Paragraph 5 [of the Settlement Agreement] that are consistent with (or improvements over) the Master Servicer's course of conduct prior to the Signing Date.  It is further understood and agreed that Investors may pursue such remedies as are available under Section 10.08 ("Limitation on Rights of Certificateholders") of the Governing Agreements with respect to an Event of Default as to any servicing claims not released by this Settlement.

- B-7 -

(c)    <u>Certain Individual Investor Claims</u>.  The release and waiver in Paragraph 9 [of the Settlement Agreement] does not include any direct claims held by Investors or their clients that do not seek to enforce any rights under the terms of the Governing Agreements but rather are based on disclosures made (or failed to be made) in connection with their decision to purchase, sell, or hold securities issued by any Covered Trust, including claims under the securities or anti-fraud laws of the United States or of any state; provided, however, that the question of the extent to which any payment made or benefit conferred pursuant to this Settlement Agreement may constitute an offset or credit against, or a reduction in the gross amount of, any such claim shall be determined in the action in which such claim is raised, and the Parties reserve all rights with respect to the position they may take on that question in those actions and acknowledge that all other Persons similarly reserve such rights.

(d)    <u>Financial-Guaranty Provider Rights and Obligations</u>.  To the extent that any third-party guarantor or financial-guaranty provider with respect to any Covered Trust has rights or obligations independent of the rights or obligations of the Investors, the Trustee, or the Covered Trusts, the release and waiver in Paragraph 9 [of the Settlement Agreement] is not intended to and shall not release such rights, or impair or diminish in any respect such obligations or any insurance or indemnity obligations owed by or to such Person.

(e)    <u>Indemnification Rights</u>.  The Parties do not release any rights to indemnification under the Governing Agreements including the Trustee's right to indemnification by the Master Servicer of the Covered Trusts.

(f)    <u>Settlement Agreement Rights</u>.  The Parties do not release any rights or claims against each other to enforce the terms of this Settlement Agreement.

(g)    <u>Excluded Covered Trusts</u>.  The release and waiver in Paragraph 9 [of the Settlement Agreement] does not include claims with respect to any Excluded Covered Trust.

o) The Trustee, all Trust Beneficiaries, the Covered Trusts, and any Persons claiming by, through, or on behalf of any of the Trustee, the Trust Beneficiaries, or the Covered Trusts or under the Governing Agreements, and each of their heirs, executors, administrators, successors-in-interest, and assigns, are hereby:  (i) permanently barred and enjoined from instituting, commencing, or prosecuting, either directly, derivatively, or in any other

capacity, any suit, proceeding, or other action asserting any of the Trust Released Claims, against any or all of the Bank of America Parties and/or the Countrywide Parties; (ii) conclusively determined to have fully, finally, and forever compromised, settled, released, relinquished, discharged, and dismissed with prejudice and on the merits the Trust Released Claims; and (iii) permanently barred and enjoined from knowingly assisting in any way any third party in instituting, commencing, or prosecuting any suit against any or all of the Bank of America Parties and/or the Countrywide Parties asserting any of the Trust Released Claims. These provisions shall also be deemed to apply to the full and same extent to the Master Servicer of the Covered Trusts (including the current Master Servicer, BAC HLS, and any subsequent servicer who may in the future be substituted for the current Master Servicer with respect to one or more of the Covered Trusts or any loans therein).

p) All Trust Beneficiaries and each of their heirs, executors, administrators, successors-in-interest, and assigns, and the Bank of America Parties and the Countrywide Parties and each of their respective heirs, executors, administrators, successors-in-interest, and assigns, are hereby permanently barred and enjoined from instituting, commencing, or prosecuting, either directly, derivatively, or in any other capacity, any suit, proceeding, or other action asserting against the Trustee any claims arising from or in connection with the Trustee's entry into the Settlement, including but not limited to the Trustee's participation in negotiations regarding the Settlement, the Trustee's analysis of the Settlement, the filing by the Trustee of any petition in

connection with the Settlement, the provision of notices concerning the Settlement to Potentially Interested Persons, and any further actions by the Trustee in support of the Settlement, including the response by the Trustee to any objections to the Settlement and any implementation of the Settlement by the Trustee; provided, however, that nothing herein precludes any Party from asserting any claims arising out of a breach of the Settlement Agreement.

q) With the exception of prosecuting any appeals directly from this Final Order and Judgment, all Trust Beneficiaries, the Covered Trusts, and any Persons claiming by, through, or on behalf of any of the Trustee, the Trust Beneficiaries, or the Covered Trusts or under the Governing Agreements, and each of their heirs, executors, administrators, successors-in-interest, and assigns, are hereby permanently barred and enjoined from instituting, commencing, asserting, or prosecuting, either directly, derivatively, or in any other capacity, any claim or objection challenging this Final Order and Judgment, the actions of the Trustee in entering into the Settlement Agreement or this Article 77 Proceeding.

r) The Trustee will not, by virtue of actions taken in seeking, or pursuant to, any orders in this proceeding or this Final Order and Judgment, impair the rights it has under the applicable Governing Agreements to be compensated for the fees and expenses it incurs in discharging its duties as Trustee.

s) None of the Bank of America Parties, the Countrywide Parties, the Institutional Investors, or the Trustee shall have any liability (including under any indemnification obligation provided for in any Governing Agreement,

including as clarified by the side-letter that is Exhibit C to the Settlement Agreement) to each other, the Trust Beneficiaries, the Covered Trusts, or any other Person arising out of the determination, administration, or distribution (including distribution within each Covered Trust) of the Allocable Shares pursuant to the Settlement or incurred by reason of any tax consequences of the Settlement.

t) All objections to the Settlement have been considered and are overruled and denied in all respects.

u) Without affecting the finality of this Final Order and Judgment in any respect, the Court hereby retains exclusive jurisdiction over the Petitioner, the Covered Trusts, and all Trust Beneficiaries (whether past, present, or future) for all matters relating to the Settlement and this Article 77 Proceeding, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Final Order and Judgment.

v) There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.


Judgment entered on this _____ day of ____, 2011.

ENTER


_____
JSC


_____
CLERK OF THE COURT


- B-11 -