```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In the matter of the application of         :

THE BANK OF NEW YORK MELLON                  :
(as trustee under various pooling and
servicing agreements and indenture trustee   :
under various indentures), et al.,
                                             :
              Petitioners,                        11 Civ. 5988 (WHP)
                                             :
       -against-                                  MEMORANDUM & ORDER
                                             :
WALNUT PLACE LLC, et al.,
                                             :
              Intervenor-Respondents.
                                             :
----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/11

WILLIAM H. PAULEY III, District Judge:

The Attorneys General of Delaware and New York (the "State AGs") and a group of homeowners led by Mary Ellen Iesu (the "Homeowners") move to intervene in this civil action. For the following reasons, this Court grants the State AGs' motions to intervene and denies the Homeowners' motion to intervene.

BACKGROUND

On June 19, 2011, the Bank of New York Mellon ("BNYM"), as trustee for hundreds of trusts, initiated an Article 77 proceeding in New York state court. See Bank of N.Y. Mellon v. Walnut Place LLC, ---F. Supp. 2d----, 2011 WL 4953907, at *2 (S.D.N.Y. Oct. 19, 2011). BNYM sought an order (i) declaring that BNYM had behaved reasonably by entering into the Settlement Agreement, (ii) ordering BNYM, Countrywide, and Bank of America to consummate the Settlement Agreement, and (iii) releasing claims brought by investors, including

1

claims by Walnut Place. See Bank of N.Y. Mellon, 2011 WL 4953907, at *2.

On August 26, 2011, Walnut Place removed the Article 77 Proceeding to this Court under the "mass action" provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ("CAFA"). By Memorandum and Order, this Court denied BNYM's motion to remand on October 19, 2011. See Bank of N.Y. Mellon, 2011 WL 4953907, at *1, *3.

The State AGs and the Homeowners now move to intervene.

A. The State AGs

The Attorneys General of Delaware and New York move to intervene on the basis of their interest in protecting the investing public. The State AGs contend that states have a quasi-sovereign interest in an honest marketplace, and they assert parens patriae standing to protect the economic well-being of their citizens.

B. The Homeowners

The Homeowners are four individual obligors on mortgages owned by one or more of the mortgage securitization trusts covered by the Settlement Agreement. (Homeowners' Pleading in Intervention and Objection to Proposed Settlement Agreement dated Aug. 30, 2011 ("Homeowners' Pet.") ¶¶ 18-27.) The Homeowners do not own certificates issued by the trusts. (Homeowners' Pet. ¶¶ 18-27.) Rather, the Homeowners object to the Settlement Agreement on the grounds that its proposed reforms to Countrywide's mortgage servicing procedures (i) "do[] nothing to end existing abuses;" (ii) "undermine[] existing efforts to stabilize the housing markets;" and (iii) "fail to set standards to protect homeowners from wrongful or unnecessary foreclosures or abusive servicing." (Homeowners' Pet. ¶¶ 2, 5, 8.)

## DISCUSSION

A. The State AGs

Federal Rule of Civil Procedure 24(b)(2) permits state agencies to intervene in lawsuits based on statutes or regulations within their administrative purview. See Disability Advocates, Inc. v. Paterson, No. 03-CV-3209 (NGG), 2009 WL 4506301, at *2 (E.D.N.Y. Nov. 23, 2009). It is undisputed that the State AGs have parens patriae standing to assert their "quasi-sovereign interest" in "securing an honest marketplace in which to transact business." New York ex rel. Abrams v. Gen. Motors Corp., 547 F. Supp. 703, 705 (S.D.N.Y. 1982). And it is apodictic that the State AGs have parens patriae standing to protect citizens from breaches of fiduciary duty and to rectify those breaches. See People v. H&R Block, Inc., 847 N.Y.S.2d 903 (Table), at *8 (Sup. Ct. N.Y. Cnty. July 9, 2007).

Because "the Settlement Agreement at issue here implicates . . . the vitality of the national securities markets," Bank of N.Y. Mellon, 2011 WL 4953907, at *10, this action concerns far more than the financial interests of a few sophisticated investors. And the intervention of the State AGs in this action will protect the interests of absent investors. Accordingly, the State AGs' motions to intervene are granted. However, this Court will not consider any counterclaims by the State AGs unless and until the Court of Appeals for the Second Circuit affirms this Court's October 19, 2011 order or declines to hear the appeal.

B. The Homeowners

1. Intervention as of Right

The Homeowners are not eligible to intervene as of right because they cannot show an interest in "the property or transaction that is the subject of the action." Fed R. Civ. P.

3

24(a)(2). The subject matter of this action is an agreement that seeks to settle claims belonging to the securitization trusts. The Homeowners are not parties to the contracts creating the trusts, nor are they third-party beneficiaries. As such, the Homeowners lack the "direct, substantial, and legally protected interest in the subject matter of this action" that is required for intervention as of right. Compagnie Noga D'Importation Et D'Exportation S.A. v. Russian Federation, No. 00 Civ. 0632 (WHP), 2005 WL 1690537, at *4 (S.D.N.Y. July 20, 2005).

Further, this action does not limit the Homeowners' right to contest wrongful foreclosures or abusive mortgage servicing practices. Where, as here, movants may file a separate action to vindicate their rights, they cannot establish that their interests will be impaired absent intervention. See In re Holocaust Victim Assets Litig., 225 F.3d 191, 199 (2d Cir. 2000) ("Because appellants remain free to file a separate action, they have not established that they will be prejudiced if their motion to intervene is denied."). As such, the Homeowners are not entitled to intervene in this action as of right.

2. Permissive Intervention

The Homeowners are not entitled to permissive intervention because they do not have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Plainly, the Homeowners' claims regarding the servicing of their mortgages do not share "common questions" with the core issue of whether BNYM behaved properly in executing the Settlement Agreement. Further, even if the Homeowners' claims did present "common questions," this Court would still deny the Homeowners' motion to intervene because "permissive intervention will not be granted . . . where such intervention would cause undue delay, complexity or confusion in a case." SEC v. Bear Stearns & Co., Nos. 03 Civ.2937

4

(WHP) et seq., 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003). Accordingly, the Homeowners' motion to intervene is denied.

## CONCLUSION

For the foregoing reasons, the State AGs' motions to intervene are granted and the Homeowners' motion to intervene is denied. The Clerk of the Court is directed to terminate the motion pending at ECF No. 17.

Dated: November 18, 2011
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J

*All Counsel of Record*