# MANDATE

S.D.N.Y.-N.Y.C.
11-cv-5988
Pauley, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of December, two thousand eleven,

Present:
    Peter W. Hall,
    Debra Ann Livingston,
    Gerard E. Lynch,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 28, 2011

BlackRock Financial Management, Inc., *et al.*,

    *Petitioners*,

Bank of America Corporation,

    *Movant*,

    v.                                                                              11-4554-mv

Walnut Place LLC, *et al*.,

    *Respondents*.

The Bank of New York Mellon, as Trustee under various Pooling and Servicing Agreements and Indenture Trustee Under Various Indentures,

    *Petitioner*,

**MANDATE ISSUED ON 12/27/2011**

Bank of America Corporation,

        *Movant*,

v.                                                                 11-4571-mv

The Segregated Account of Ambac Assurance Corporation, *et al.*,

        *Respondents*.

---

It is hereby ORDERED that the above cases are CONSOLIDATED.

Petitioners, through counsel, move pursuant to 28 U.S.C. § 1453(c), for leave to appeal the district court's order denying a motion to remand to state court. Bank of America Corporation moves to file amicus briefs in support of the petitions for leave to appeal. Upon due consideration, it is hereby ORDERED that Bank of America Corporation's motions are GRANTED. We have considered the amicus briefs. It is further ORDERED that the petitions for leave to appeal are GRANTED. *See Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 27 (2d Cir. 2010) ("[W]e have jurisdiction to determine our jurisdiction."). On appeal, the parties should address the following issues:

> (1) Whether the case was removable under the Class Action Fairness Act of 2005 ("CAFA") as a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i) and whether we have appellate jurisdiction over the case as a "class action" under 28 U.S.C. § 1453(c)(1).
>
> (2) Whether the case falls under the securities exception to CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(9)(C), 1453(d)(3).
>
> (3) Whether the case was properly removed by a "defendant or defendants" pursuant to 28 U.S.C. §§ 1446(a), 1453(b).

The Clerk's Office is directed to enter an expedited briefing schedule that will permit decision on this appeal within the 60-day period required by 28 U.S.C. § 1453(c)(2). *See DiTolla v. Dora Dental IPA of N.Y., LLC*, 469 F.3d 271, 275 (2d Cir. 2006).

                                                FOR THE COURT:
                                                Catherine O'Hagan Wolfe, Clerk

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit